UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CUELLAR,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>        Respondent. | Case No. 1:23-cv-00123-HBK (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1]<br><br>(Doc. No. 1)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

       Petitioner Hector Cuellar, a federal prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 on December 23, 2022. (Doc. No. 1, "Petition"). On February 6, 2023, the Court conducted a preliminary review of the Petition and found it was unsigned. (Doc. No. 10). The Court afforded Petitioner an opportunity to submit a Notice confirming that he submitted the Petition to the Court, signed under penalty of perjury, within 21 days. More than 21 days have passed, and Petitioner did not file a Notice.[2] The Court duly warned Petitioner that failure to comply with the order would result in the Court striking the Petition. Therefore, the undersigned strikes the Petition and recommends the district court

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] The undersigned notes an additional 50 days have passed since the 21-day deadline expired, affording Petitioner more than sufficient time to account for any delays in mailing.

dismiss this action without prejudice.

## I. APPPLICABLE LAW

### A. Pleading Must Be Stricken

Rule 11 requires all pleadings, written motions, and other papers be signed by at least one attorney of record or by a party personally if the party is unrepresented.  Fed. R. Civ. P. 11(a); Petitioner's failure to sign the Petitioner also violates Local Rule 131 (b), which requires among other things that "[a]ll pleadings ... shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in *propria persona*."  L.R. 131(b).  In addition, Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner." Because the Court cannot consider unsigned filings, the pleading must be stricken. Fed. R. Civ. P. 11(a); L.R. 131(b). L.R. 131(b).  *See, e.g., West v. Hulbert*, 2016 WL 2854416, at *1 (E.D. Cal. May 16, 2016); *Anderson v. Krpan,* 2015 WL 402086, at *2 (E.D. Cal. Jan. 29, 2015).  Thus, the undersigned strikes the Petition.

### B. Failure to Prosecute and/or Comply With Court Order

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of the court.

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but

noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

The undersigned considers the above-stated factors and concludes the majority of the above factors favor dismissal in this case. The expeditious resolution of litigation is deemed to be in the public interest. *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated. This court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the Covid-19 pandemic, it operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a respondent. *See Sibron v. New York*, 392 U.S. 40, 57 (1968).

As to the fourth factor, a preference to rule on the merits usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Here, the undersigned found the Petition facially deficient because it is not signed under penalty of perjury by Petitioner. The Court thus properly struck the Petition after affording notice to Petitioner. Because there is not viable Petition, the Court cannot determine whether the Petition raises a meritorious claim. Additionally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice. And finally, a

court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternative" requirement. *See Ferdik*, 963 F.2d at 1262. The Court's previous Order expressly warned Petitioner that if he failed to file a Notice, the Court would strike the Petition. (Doc. No. 10 at 2). Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **ORDERED**:

1. The Court strikes the unsigned Petition (Doc. No. 1).
2. The Clerk of Court is directed to assign a district judge to this case.

It is further **RECOMMENDED**:

1. This case be dismissed without prejudice for failure to prosecute and/or comply with a court order.
2. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   April 18, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE