UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CUELLAR,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>        Respondent. | No. 1:23-cv-00123-ADA-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 1, 13) |

      Petitioner Hector Cuellar ("Petitioner") is a federal prisoner proceeding *pro se* with his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On April 18, 2023, the assigned Magistrate Judge issued findings and recommendations recommending that the pending first amended petition be dismissed for failure to prosecute and/or comply with a court order. (ECF No. 13.) Those findings and recommendations were served on Petitioner and contained notice that any objections thereto were to be filed within fourteen days of service. (*Id.*) As of the date of this order, Petitioner has not filed objections, and the deadline for doing so has passed.

///

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Thus, having carefully reviewed the entire file, the Court holds the findings and recommendations to be supported by the record and proper analysis.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. The Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed

further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on April 18, 2023, (ECF No. 13), are adopted in full;

3. The petition for writ of habeas corpus, (ECF No. 1), is dismissed;

4. The Court declines to issue a certificate of appealability; and

5. The Clerk of Court is directed to terminate any pending motions/deadlines and close the case.

IT IS SO ORDERED.

Dated:   June 12, 2023

UNITED STATES DISTRICT JUDGE

3